UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS ALBERTO MARTINEZ,

                Petitioner,

      v.

CHERYL STRANGE,

                Respondent.

CASE NO. 2:21-cv-01395-TL-BAT

**REPORT AND RECOMMENDATION**

Petitioner Carlos Alberto Martinez is in custody under a state-court judgment and sentence imposed for his conviction on one count of possession of depictions of minors engaged in sexually explicit content.[1] On October 13, 2021, he filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. Dkt. 1. After careful review of the petition and the balance of the record, this Court recommends that the federal habeas petition should be **DISMISSED** with prejudice as untimely.

**BACKGROUND**

On November 10, 2015, a Snohomish County Superior Court jury convicted petitioner of one count of possession of depictions of minors engaged in sexually explicit content; the court

---

[1] Although petitioner has served his sentence of confinement for the conviction, he was under community supervision at the time he filed his petition and was therefore "in custody" for purposes of § 2254.

REPORT AND RECOMMENDATION - 1

entered a judgment and sentence on January 21, 2016. Dkt. 6, ex. 1. Petitioner appealed, and the Washington Court of Appeals affirmed the conviction and sentence on January 16, 2018. Dkt. 6, ex. 2. Petitioner sought review in the Washington Supreme Court, which denied review on July 11, 2018. Dkt. 6, exs. 6, 7. Petitioner did not file a petition seeking review by the Supreme Court.

Petitioner submitted a personal restraint petition (PRP) to the Washington Court of Appeals on August 13, 2019. Dkt. 8, ex. 8. However, on March 6, 2020, the Washington Court of Appeals dismissed the petition as time barred. Dkt. 8, ex. 11. Petitioner did not seek review of this dismissal in the Washington Supreme Court, and, on April 22, 2020, the certificate of finality issued. Dkt. 8, ex. 12.

Petitioner filed this federal habeas petition on October 13, 2021. Dkt. 1. In it, he raises three grounds for habeas relief: (1) a San Antonio Police Department detective conspired with a detective from the Washington State Patrol Missing and Exploited Children Task Force (MECTF) to unlawfully seize and search his personal property in violation of his 4th Amendment rights; (2) MECTF's judicial deception, malicious and negligent investigation led to violations of his 14th Amendment rights; and (3) ineffective assistance of counsel. *Id.* at 5, 7, 9.

**DISCUSSION**

**A.     Statute of Limitations**

Federal habeas corpus petitions filed by persons in custody under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 20 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

REPORT AND RECOMMENDATION - 2

An application for post-conviction review tolls the statute of limitations under § 2244(d)(2) only when it is "properly filed." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including time limits on its delivery. *Id.* A petition delivered after a time limit, and which does not fit within any exceptions to that limit, is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). When a postconviction petition is untimely under state law, "that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotation omitted).

The Washington Supreme Court denied review of petitioner's conviction on July 11, 2018. Dkt. 6, ex. 7. Petitioner had 90 days from that date, until October 9, 2018, to file a petition seeking review by the Supreme Court. Petitioner did not file such a petition, and the judgment and sentence thus became final for purposes of § 2254 on October 9, 2018. The statute of limitations started to run on that date and expired 365 days later, on October 9, 2019. Petitioner filed this petition on October 13, 2021, more than two years after his judgment and sentence became final for purposes of § 2244.

Although petitioner submitted a PRP to the Washington Court of Appeals, that court dismissed the petition as time-barred under Washington law. Dkt. 6, ex. 11. Because the state court determined that the petition was untimely under state law, the petition was not "properly filed" for purposes of § 2254(d)(2) and thus did not toll the statute of limitations. *See Pace*, 544 U.S. at 414. That is the "end of the matter" for purposes of § 2254(d)(2).[2] *Id.*

---

[2] The Court notes that even if the Court found that the statute of limitations was tolled by the filing of petitioner's PRP, the outcome would be the same. Under this scenario, the statute of limitations would have run from October 9, 2018, to August 13, 2019, for a total of 309 days, until he submitted his PRP. The statute would have started to run again on April 22, 2020, the date the Washington Court of Appeals issued the certificate of finality, and would have run for

REPORT AND RECOMMENDATION - 3

B. **Equitable Tolling**

A court may equitably toll the habeas statute of limitations if the petitioner shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where external forces, rather than the petitioner's own lack of diligence, caused the failure to file a timely habeas petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold to obtain equitable tolling is very high, and the petitioner bears a heavy burden to obtain equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

In his petition, petitioner states with respect to the timeliness of his petition that he has been on community custody and has at times been re-incarcerated; his personal electronic devices, which contained copies of court documents, have been confiscated and his ability to access the internet revoked, and because of this he had to request paper copies from the courts; he has been unable to find work due to his health and criminal record and he has been providing financial support to family members; and he attempted to find counsel to represent him but was unable to afford representation, and the COVID-19 pandemic has further hindered his ability to get a lawyer within the time limit. Dkt. 1 at 13-14. He asks the Court to consider his petition because his issues are real and have merit. Dkt. 1 at 14.

Petitioner fails to establish a basis for equitable tolling. He makes conclusory statements about his status of being on community custody, his periodic re-incarceration, his lack of access to his personal electronic devices, and his prohibition from accessing the internet, but fails to explain how these circumstances prevented him from filing his petition in a timely manner. The

---

another 56 days, until June 17, 2020. This petition was filed in October 2021, more than one year after the certificate of finality issued. By any measure, the § 2254(d)(2) statute of limitations bars consideration of this petition.

REPORT AND RECOMMENDATION - 4

only specific instance petitioner refers to is the confiscation of a computer in February 2021, after the statute of limitations had expired. In addition, lack of a personal electronic device or internet access does not preclude him from accessing legal resources in the prison law library while confined or the public library while on community custody. Moreover, despite his lack of access to his personal electronic devices and the internet, petitioner was able to submit a PRP to the state court in August 2019, before the expiration of the federal statute of limitations. Petitioner does not explain how he was able to submit his claims to a state court but not federal court before the expiration of the statute of limitations.

      Petitioner similarly fails to explain how his financial circumstances, including his inability to find work or to afford a lawyer, prevented him from filing a timely petition. Again, petitioner was able to submit a PRP to the state court before the expiration of the statute of limitations despite his financial challenges. And although the COVID-19 pandemic may have created additional challenges or extenuating circumstances, these circumstances arose in early 2020, after the statute of limitations had expired, and petitioner again fails to make any connection between his lack of timeliness and any obstacles imposed by the pandemic.

      In addition, the claims petitioner asserts have a factual and legal basis that he was aware of before October 2018. Petitioner asserted his claims alleging unlawful search and seizure in his PRP. Dkt. 6, ex. 8. His claim of ineffective assistance of counsel is based on the same underlying facts. Petitioner fails to explain why he could not have presented the same claims to this Court in a timely manner.

      Finally, petitioner delayed filing his federal petition for more than two years after the expiration of the statute of limitations, and more than one year after the Washington Court of Appeals dismissed his untimely PRP. He has presented no explanation for how, despite this long

REPORT AND RECOMMENDATION - 5

delay, he nevertheless acted with diligence in filing his petition. Given the length of time that passed from the time his conviction became final to the filing of this petition, the Court can only conclude that petitioner failed to exercise diligence in filing his federal habeas petition.

Although petitioner believes his claims have merit and asks the Court to consider his petition for that reason, the merits of his claims do not factor into the equitable tolling analysis. Petitioner has not shown that he diligently pursued his rights or that extraordinary circumstances beyond his control prevented him from filing a timely petition. He has not met the heavy burden of establishing that he is entitled to equitable tolling.

**C.      Evidentiary Hearing**

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. The timeliness of petitioner's claims can be determined from the current state court record and therefore, no evidentiary hearing is necessary.

**D.      Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1) and Habeas Rule 4.[3] The Court further recommends that a certificate of appealability be denied. A proposed order and judgment accompany this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 4, 2022**. The Clerk should note the matter as ready for the District Judge's consideration on that date if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be

---

[3] Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

REPORT AND RECOMMENDATION - 7

ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of January, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8